**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CORNELIUS BERRY and
CASSANDRA BERRY**,**

     Plaintiffs,              Case No.
                                          Hon.

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR GSAA HOME EQUITY TRUST
2006-17; TIMOTHY CHERVENAK;
PHH MORTGAGE; and OCWEN
LOAN SERVICING, LLC**,**

     Defendants.

---

### NOTICE OF REMOVAL

    Defendant Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2006-17, Asset-Backed Certificates Series 2006-17 (the "Trustee")[1] and Defendant PHH Mortgage Corporation (PHH),[2] successor by merger to Defendant Ocwen Loan Servicing, LLC ("OLS") (collectively, "Defendants"), through their counsel, give notice that the above-captioned action is removed from the Macomb County Circuit Court to the United States District

---

[1] Improperly named as: "Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2006-17."

[2] Improperly named as: "PHH Mortgage."

Court for the Eastern District of Michigan.  In support of removal, Defendants state as follows:

1.      On or about June 3, 2019, Plaintiffs filed a Complaint against Defendants in Macomb County Circuit Court, where it was assigned Case No. 2019-000293-AV.

2.      On or about June 11, 2019, PHH received a copy of the Complaint from its foreclosure counsel.  Copies of all process, pleadings, and orders from the state court action, received by Defendants, are attached as **Exhibit A**.

3.      This Notice of Removal is timely under 28 U.S.C. § 1446(b). Defendants file this Notice of Removal, which sets forth the claims for relief upon which this removal is based, within thirty (30) days of receipt of a copy of the Complaint.

4.      Upon information and belief, Timothy Chervenak ("Chervenak") has not been served; thus his consent is not required for removal.  *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F. 3d 527, 533 n.3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.").  Moreover, even if he had been served, Chervenak's consent would be

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, MI 48243

unnecessary because he has been fraudulently joined for the reasons set forth below.  *See Chambers v. HSBC Bank USA, N.A.,* 769 F.3d 560 (6th Cir. 2015).

5.    **Diversity of Citizenship**.  This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The alleged value of Plaintiffs' claims are in excess of $75,000, exclusive of interest, costs, and attorneys' fees, as set forth more fully below.  Further, this action is between citizens of different states:

a.    **Plaintiffs are Citizens of Michigan**.  For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Defendants are informed and believe that Plaintiffs are domiciled in, and are citizens of, the State of Michigan. Plaintiffs allege they are residents of Macomb Township, in the State of Michigan.  *See* Ex. A, Complaint.  Therefore, Plaintiffs are domiciled in the State of Michigan and are citizens of Michigan for purposes of diversity jurisdiction.

b.   **PHH is a Citizen of New Jersey:**   PHH is a New Jersey corporation with its principal place of business in New Jersey. "For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business." *Freeman v. Unisys Corp.,* 870 F. Supp. 169, 172 (E.D. Mich. 1994) (citing 28 U.S.C. § 1332(c)).  Thus, PHH is a citizen of New Jersey for diversity purposes.[3]

c.   **The Trustee Is A Citizen Of California:**   The Trustee is a national banking association with its main office in California. For diversity purposes, a national banking association is deemed a citizen of the state designated in its articles of association as its main office.  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) (citing 28 U.S.C. § 1348).  Accordingly, the Trustee is a citizen of California for diversity purposes.

---

[3] OLS, a named Defendant and the subject mortgage loan's prior servicer, merged into PHH, the loan's current servicer, on June 1, 2019.  Therefore, OLS' citizenship – the U.S. Virgin Islands – is irrelevant.  *See* 13F Charles A. Wright et al., Federal Practice and Procedure § 3623 (3d ed. 2009) ("When two or more corporations merge the citizenship question arises, but the answer comes much more easily than in the dissolution context. The cases seem to be in agreement that the citizenship of the surviving entity is controlling; the citizenship of the predecessor company becomes irrelevant.").

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, MI 48243

d.   **Chervenak is fraudulently joined**.   For purposes of determining diversity jurisdiction, only the citizenship of *properly joined* defendants is considered.  28 U.S.C. § 1441(b).  The Sixth Circuit "has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."  *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).   Chervenak is a citizen of the State of Michigan.  But as discussed below, the Court should disregard his citizenship for purposes of determining diversity because Chervenak has been fraudulently joined in this action.  *See Navarro Savings Assn. v. Lee*, 446 U.S. 458, 461 (1980); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  Thus, for purposes of determining diversity jurisdiction, Chervenak is properly disregarded.

e.   Thus, complete diversity exists because Plaintiffs are citizens of Michigan, whereas PHH is a citizen of New Jersey and the Trustee is a citizen of California.

6.   **Fraudulent Joinder**.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, notwithstanding the citizenship of Defendant Chervenak.  Plaintiffs have not pled a cognizable cause of action against Chervenak, who is an

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, MI 48243

attorney at Trott Law, P.C.   Based on the allegations in the Complaint, Chervenak's only involvement with Plaintiffs has been as the Trustee's eviction counsel.   The Michigan Supreme Court has held that "'the public policy of maintaining a vigorous adversary system outweighs the asserted advantages of finding a duty of due care to an attorney's legal opponent." *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 402; 729 N.W.2d 277 (2006).   Federal courts in this state have found that foreclosure or eviction counsel are the bank's agents, and that a plaintiff cannot maintain a state-law cause of action against the bank's agents. *See, e.g., Malloy v. PNC Bank*, No. 11-12922, 2011 U.S. Dist. LEXIS 109850 (E.D. Mich. Sept. 27, 2011) (the court held plaintiffs could not maintain a cause of action against Trott & Trott, P.C., a professional corporation of attorneys, which served as agent to a bank during foreclosure proceedings) and *Yuille v. Trott & Trott, P.C.*, No. 11-10584, 2011 U.S. Dist. LEXIS 111249 (E.D. Mich. March 30, 2011) (observing that "Trott's citizenship is properly disregarded for purposes of determining whether the parties' citizenships are diverse because Trott was fraudulently joined."). Here, Chervenak acted solely as the Trustee's legal agent. Accordingly, the Court should disregard his citizenship for purposes of this Notice of Removal and this Court's federal diversity jurisdiction.

> a.   The citizenship of a fraudulently joined party is not considered when determining diversity of citizenship. *Coyne*, 183 F.3d at

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, MI 48243

493.  The fraudulent-joinder doctrine applies where the plaintiff has not asserted a viable cause of action against a joined defendant.  *Id.*; *see also Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).

b.     Stated differently, a Court must disregard a non-diverse defendant when plaintiff has "no colorable claim" against that defendant under applicable state law.  *Coyne*, 183 F.3d at 493.  Whether a party is fraudulently joined is based only upon the claims as pled in the plaintiff's complaint.  *Id*.  The motive for joining a non-diverse defendant is irrelevant to the analysis.  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

c.     Since Plaintiffs cannot maintain claims against Chervenak for acting as the Trustee's legal counsel, there is no cause of action plead against him and he has been fraudulently joined.

7.     **Amount in Controversy**.  Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees:

a.   In the Complaint, Plaintiffs seek injunctive relief and to quiet title with respect to real property located at 45394 Torch Lake Drive, in Macomb Township, Michigan (the "Property").

b.   On June 2, 2006, Plaintiffs accepted a $261,200.00 loan (the "Loan"). Plaintiffs' obligation to repay the Loan is evidenced by a note (the "Note"), which was secured by a mortgage ("Mortgage") on the Property. (**Ex. B**, Mortgage).

c.   The Mortgage was assigned to the Trustee via a series of Assignments of Mortgage. (**Ex. C**, Assignments).

d.   Following Plaintiffs' default under the terms of their Loan, the Trustee foreclosed the Mortgage by advertisement and purchased the Property at an October 26, 2018 Sheriff's sale (the "Sheriff's Sale") for $310,477.18. (**Ex. D**, Sheriff's Deed).

e.   When a plaintiff seeks specific performance, declaratory relief, or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimer ex rel. Estate of Lorimer v. Berrelez,* 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004) (citations omitted); *see also Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977))

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, MI 48243

(holding "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Neely v. Consol Inc*., 25 Fed. Appx. 394, 400 (6th Cir. 2002) (holding amount in controversy was equal to amount of lease).

f.   Here, the subject matter of the litigation is the Property. Specifically, Plaintiffs seek to quiet title to the Property, thereby extinguishing the Trustee's interest.   *See generally,* Complaint ("We are asking the court for relief to grant us Chain of Title . . . ."). Plaintiffs thus aim to prevent enforcement of the security interest.   The Note and security interest were valued at $261,200.00 at the time Plaintiffs accepted the Loan. (Ex. C).   The Trustee purchased the Property at the Sheriff's Sale for $310,477.18.   (Ex. E).

g.   Therefore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1446(b), because this Court geographically embraces the state court in Macomb County, Michigan, in which Plaintiffs initiated this action against Defendants.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, MI 48243

9. A Notice Regarding Removal of Action to Federal Court and a copy of this Notice of Removal will be filed in the Macomb County Circuit Court as required by 28 U.S.C. § 1446(d), and copies of the same will be served upon Plaintiffs.

10. Based upon the foregoing, Defendants are entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq.*

WHEREFORE, Defendants respectfully request that this Court take jurisdiction over this action and grant such other relief as the Court deems proper.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ *Nasseem S. Ramin*
    Thomas M. Schehr (P54391)
    Nasseem S. Ramin (P73513)
    *Attorneys for Defendant Deutsche Bank*
    *National Trust Company, as Trustee*
    *and Defendant PHH Mortgage*
    *Corporation*
    400 Renaissance Center, 37th Floor
    Detroit, MI 48243
    (313) 568-6800
    tschehr@dykema.com
Date: June 27, 2019    nramin@dykema.com

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2019, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system, and I hereby certify that I

have mailed by first class U.S. Mail, with postage fully prepaid, the same to:

Cornelius Berry and Cassandra Berry
45394 Torch Lake Drive
Macomb Township, MI 48044

/s/ *Nasseem S. Ramin*